# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-SA-01772-COA

**DANIEL S. FILLINGAME**                                                                 **APPELLANT**

**v.**

**THE STATE OF MISSISSIPPI, MISSISSIPPI**                                      **APPELLEE**
**INSURANCE DEPARTMENT, DIVISION OF**
**MISSISSIPPI STATE FIRE ACADEMY**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/30/2013 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JANE E. TUCKER |
| ATTORNEYS FOR APPELLEE: | JAMES T. METZ |
| | ALAN M. PURDIE |
| | DION JEFFERY SHANLEY |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S MOTION FOR CONTEMPT |
| DISPOSITION: | AFFIRMED - 06/30/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ROBERTS AND MAXWELL, JJ.**

**MAXWELL, J., FOR THE COURT:**

¶1.     Daniel Fillingame appeals the order denying his motion to cite the State Fire Academy for contempt of court. Fillingame claimed the Academy was in contempt for not following a January 2011 court order that mandated the Academy permit him to re-enroll. But the Academy indisputably let Fillingame re-enroll in April 2011. So it could not be held in contempt.

¶2.     Fillingame's real grievance has to do with the certificate the Academy issued him at

the end of his training. But the court's order directing the Academy to re-enroll him did not mandate the type of certificate he would receive. Rather, this was a later-made administrative decision by the Academy, for which Fillingame could not seek circuit court review by simply filing for contempt.

¶3. Thus, we affirm the order denying Fillingame's motion for contempt.

**Facts and Procedural History**

### I. Underlying Lawsuit

¶4. Between 2006 and 2008, Fillingame withdrew from the Academy six times due to medical reasons. And between his fifth and sixth withdrawal, he left an additional time after failing a course. While the Academy usually permits a trainee to return after a medical withdrawal and resume his training where he left off (like it did the first five times Fillingame withdrew), given the number of withdrawals, the Academy refused to let Fillingame back in. So in 2009 he sued the Academy, which is a division of the Mississippi Insurance Department, for various torts and breach of contract.

¶5. The Hinds County Circuit Court dismissed the tort claims based on sovereign immunity. *See* Miss. Code Ann. § 11-46-9(c) (Rev. 2012) (reinstating immunity against allegations of tortious behavior by fire personnel that does not rise to the level of reckless disregard of another's safety). But the court granted summary judgment to Fillingame on his breach-of-contract claim. Because the Academy's stated policy was to permit a trainee to return after a medical withdrawal, the court found Fillingame had an implied contractual

2

right to return. In January 2011, the court ordered the Academy to allow Fillingame to re-enroll. The Academy did not appeal this order but instead permitted Fillingame to return in April 2011.

¶6. Upon the completion of his training, the Academy issued him a certificate. This certificate stated he had completed the National Fire Protection Association (NFPA) 1001 Standard, Levels I and II (2002 Edition). It is this certificate that was the catalyst for his contempt motion.

## II. Certificate

¶7. Because Fillingame began his training in 2006, when the NFPA 2002 standard edition was in place, the Academy certified him as having completed that edition. But according to Fillingame, after he failed a course in late 2007, he had to start his training all over again when he re-enrolled in spring 2008. And by this time, he claims, the Academy had implemented the 2008 edition of the NFPA 1001 Standard—an assertion the Academy denies.

¶8. What particular edition—2002 versus 2008—Fillingame completed impacts his ability to apply for certification with the Mississippi Fire Personnel Minimum Standards and Certification Board (MSCB). To be certified by the MSCB as having met the minimum training standards for a full-time professional firefighter, Fillingame would need not only a certificate from the Academy stating he completed the NFPA 1001 Standard, Levels I and II, but also the certificate must have a seal of accreditation from the International Fire Service

3

Accreditation Congress (IFSAC), an independent non-profit organization based in Oklahoma. Miss. Code Ann. § 45-11-203 (Rev. 2011); Miss. Admin. Code 19-101:1.07. Fillingame's certificate received no seal because, by April 2011, the IFSAC was no longer accrediting the 2002 edition of the NFPA 1001 Standard.

### III. Contempt Motion

¶9. Feeling aggrieved that his certificate lacked an IFSAC seal, Fillingame went back to Hinds County Circuit Court in January 2012 and filed a "Motion to Impose Sanctions for Contempt of Court and to Award Monetary and Consequential Damages." In this motion, Fillingame conceded the Academy had permitted him to re-enroll for a seventh time, per the court's January 2011 order. However, he argued the Academy failed to act in good faith in doing so. Fillingame claimed the Academy's contractual duty to re-enroll him carried the obligation to "issue proper credentials upon completion of the training." According to him, because certifying him under the 2002 edition was not proper, the Academy was in further breach of its implied contract with him.

¶10. After a hearing, the circuit court denied Fillingame's motion. The judge—who was not the same judge who issued the January 2011 order—found his predecessor's order only required the Academy to permit Fillingame to re-enroll, without delving into any issues of certification. The judge also found the Academy had no authority to issue an IFSAC seal of accreditation, so it could not be held in contempt for failing to do so.

¶11. After an unsuccessful motion to alter or amend the judgment, Fillingame timely

4

appealed. On appeal, he argues the circuit court's decision not to hold the Academy in contempt was not supported by substantial evidence. He further argues the decision to certify him under the 2002 edition, as opposed to the 2008 edition, of the NFPA Standard belonged to the Academy. Thus, a contempt order could have remedied what Fillingame viewed an improper certificate that led to lack of an IFSAC seal.

**Discussion**

### I.    Compliance with the Court Order

¶12.    When reviewing a contempt decision, we must first determine whether the alleged contempt was civil or criminal in nature. *Riley v. Wiggins*, 908 So. 2d 893, 896 (¶5) (Miss. Ct. App. 2005). Here, we are dealing with civil contempt, because Fillingame was seeking enforcement of the January 2011 court order and the contractual right that order recognized. *See id.* ("Where the primary purpose of the contempt action is to enforce the rights of private litigants, or if the penalty is to enforce compliance with a court order, then the contempt is civil."). "We review civil-contempt decisions for manifest error." *Jones v. Mayo*, 53 So. 3d 832, 838 (¶21) (Miss. Ct. App. 2011) (citing *Dennis v. Dennis*, 824 So. 2d 604, 608 (¶¶7-8) (Miss. 2002)).

¶13.    Here, we find no manifest error with the circuit court's determination that the Academy was not in contempt. In January 2011, the circuit court had ordered the Academy to permit Fillingame to re-enroll following his latest medical withdrawal. And as acknowledged in motion for contempt, Fillingame was in fact permitted to re-enroll in April

5

2011. Because the Academy complied with the circuit court's order, the judge properly refused to find any civil contempt.

## II.    Issue Outside the Court Order

¶14.    Fillingame argues, however, that the January 2011 order—in addition to giving him the right to re-enroll—carried the *implied* right that he would receive the "proper credentials upon completion of the training." But we agree with the circuit court that the January 2011 order did not direct which specific credentials the Academy had to issue Fillingame when he completed his course work. Nor could it have.

¶15.    At the time the January 2011 order was entered, there was no way for the circuit court to know if Fillingame would complete his training. So it could not have ordered the Academy to issue *any* certificate, let alone one certifying he completed the 2008 edition, as opposed to 2002 edition, of the NFPA 1001 Standard.

¶16.    Further, the type of certificate Fillingame should have received upon completion of his training was not a matter of contract law that could be resolved by going back to the 2009 breach-of-contract action. It was instead an *administrative decision*, which the Legislature expressly conferred upon the Academy.[1] Miss. Code Ann. § 45-11-7(6) (Rev. 2011) (requiring the Academy to "present an appropriate certificate signifying the successful

---

[1] "It is the intent of the Legislature to require and provide minimum standards for [fire fighting] training and to declare that the State Fire Academy is the principal facility for such purposes." Miss. Code Ann. § 45-11-201 (Rev. 2011). *See also* Miss. Code Ann. § 45-11-7(7) (Rev. 2011) (requiring the Academy to use MSCB-approved standards for classroom instruction).

completion of its prescribed courses").

¶17. While agency decisions may be subject to judicial review, the procedural posture of this case is *not* an appeal of an agency's decision, filed after the exhaustion of administrative remedies. Rather, Fillingame filed a motion for contempt, seeking to enforce a court order entered *before* the Academy even made the decision to certify Fillingame under the 2002 standards.

¶18. We thus find any grievance Fillingame may have with his certificate is a separate administrative issue completely outside the circuit court's January 2011 order. So Fillingame could not use his motion for contempt, based on that order, to prompt judicial review of the Academy's decision. For this additional reason, we find the judge properly denied the motion for contempt.

¶19. **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.**