# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-SA-01830-COA

**DANIEL S. FILLINGAME**                                        **APPELLANT**

**v.**

**MISSISSIPPI STATE FIRE ACADEMY, A**                          **APPELLEES**
**DIVISION OF MISSISSIPPI INSURANCE**
**DEPARTMENT, STATE OF MISSISSIPPI,**
**REGGIE BELL AND DANIEL CROSS**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/11/2014 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | DANIEL S. FILLINGAME (PRO SE) |
| ATTORNEYS FOR APPELLEES: | JAMES T. METZ |
| | DONALD L. KILGORE |
| | JOHN R. HENRY JR. |
| | ALAN M. PURDIE |
| | LEE DAVIS THAMES JR. |
| | BRANDON LEE WHITE |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | LAWSUIT DISMISSED |
| DISPOSITION: | APPEAL DISMISSED - 09/06/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE ISHEE, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1. Daniel Fillingame appeals from the circuit court's order granting a joint motion to dismiss filed by the Mississippi State Fire Academy, a division of the Mississippi Insurance Department of the State of Mississippi ("Academy"); Reggie Bell, the Academy's executive director; and Daniel Cross, the Academy's instructor chief (collectively, "Defendants"). The

circuit court determined that it lacked subject-matter jurisdiction and dismissed the case with prejudice.

¶2.    We find that the circuit court correctly concluded that it lacked subject-matter jurisdiction. However, we find that the circuit court lacked jurisdiction because Fillingame did not exhaust his administrative remedies before seeking relief from the circuit court. We dismiss this case without prejudice so that Fillingame may seek administrative relief, if he desires.[1]

## FACTS AND PROCEDURAL HISTORY

¶3.    Fillingame first enrolled in the Academy's firefighter-training program in 2006. Fillingame withdrew from the program on five occasions for medical reasons and an additional occasion for failing a course. On February 13, 2009, Fillingame filed a complaint (*Fillingame I*) in the Hinds County Circuit Court against the Academy, after the Academy refused to allow him to re-enroll for a seventh time in the program. Fillingame's complaint alleged wrongful termination; negligence and gross negligence; breach of contract and tortious breach of contract; negligent and intentional infliction of emotional distress; and slander and defamation.

¶4.    On December 30, 2010, the circuit court dismissed Fillingame's tort claims. However, the circuit court found that Fillingame was entitled to a judgment as a matter of law on his breach-of-contract claim. The circuit court found that Fillingame had an implied

---

[1] Whether the statute of limitations bars Fillingame's grievance under the Mississippi Fire Personnel Board's administrative rules and regulations is not an issue before this Court. That issue will need to be determined if Fillingame pursues administrative relief.

contractual right to return to the program because the Academy's policy was to permit a trainee to re-enroll after a medical withdrawal. The circuit court ordered specific performance of the implied contract, i.e., required the Academy to allow Fillingame to re-enroll. In accordance with the court order, Fillingame re-enrolled and returned to the Academy on April 4, 2011, to complete his last week of the program.

¶5. After Fillingame completed his training, the Academy issued him a certificate on April 12, 2011. The certificate provided that Fillingame had completed the National Fire Protection Association (NFPA) Firefighter 1001 Standard, Levels I and II (2002 Edition). Because Fillingame was unsatisfied with the type of certificate issued, he filed a motion to impose remedial sanctions for contempt of court and for an award of monetary and consequential damages on January 25, 2012.

¶6. Fillingame argued that the Academy was in contempt of the January 2011 order that compelled the Academy to permit him to re-enroll. Although Fillingame conceded that the Academy allowed him to re-enroll, he claimed the Academy failed to act in good faith because the Academy's contractual duty to re-enroll him carried the obligation to issue proper credentials upon the completion of the training. He claimed that the Academy certifying him under the 2002 edition, rather than the 2008 edition, was improper and constituted a breach of the implied contract.

¶7. On September 12, 2012, the circuit court entered an order denying Fillingame's contempt motion. Fillingame appealed and, on June 30, 2015, this Court affirmed the circuit court's order denying Fillingame's motion for contempt. *Fillingame v. State (Fillingame I)*,

3

187 So. 3d 155, 159 (¶19) (Miss. Ct. App. 2015).

¶8.    In *Fillingame I*, this Court explained the significance of the type of certificate issued to Fillingame:

> Because Fillingame began his training in 2006, when the NFPA 2002 standard edition was in place, the Academy certified him as having completed that edition. But according to Fillingame, after he failed a course in late 2007, he had to start his training all over again when he re-enrolled in spring 2008. And by this time, he claims, the Academy had implemented the 2008 edition of the NFPA 1001 Standard – an assertion the Academy denies.
>
> What particular edition—2002 versus 2008—Fillingame completed impacts his ability to apply for certification with the Mississippi Fire Personnel Minimum Standards and Certification Board (MSCB). To be certified by the MSCB as having met the minimum training standards for a full-time professional firefighter, Fillingame would need not only a certificate from the Academy stating he completed the NFPA 1001 Standard, Levels I and II, but also the certificate must have a seal of accreditation from the International Fire Service Accreditation Congress (IFSAC), an independent non-profit organization based in Oklahoma. Miss. Code Ann. § 45-11-203 (Rev. 2011); Miss. Admin. Code 19–101:1.07. Fillingame's certificate received no seal because, by April 2011, the IFSAC was no longer accrediting the 2002 edition of the NFPA 1001 Standard.

*Id*. at 157 (¶¶7-8).

¶9.    While *Fillingame I* was pending on appeal in this Court, Fillingame filed a second complaint (*Fillingame II*) in the Hinds County Circuit Court against the Academy, Bell, Cross, and the State of Mississippi on April 11, 2014. The *Fillingame II* complaint alleged breach of contract; breach of the implied covenant of good faith and fair dealing; negligent misrepresentation; compensatory damages; exemplary damages; and attorney's fees and costs.

¶10.    On April 28, 2014, the Defendants filed a motion to dismiss or, alternatively, for

4

summary judgment. The circuit court granted the Defendants' motion to dismiss. The circuit court stated that the allegations in *Fillingame II* were the same allegations that were raised in the contempt action in *Fillingame I*. The circuit court concluded that it did not have subject-matter jurisdiction and dismissed the case with prejudice. On December 30, 2014, Fillingame filed his notice of appeal.

¶11. On appeal, Fillingame argues that the circuit court erred by (1) dismissing the case for lack of jurisdiction, and (2) ignoring viable claims against the Defendants. Our opinion is limited to the jurisdictional issue as we find it is dispositive.

## STANDARD OF REVIEW

¶12. "The determination of whether jurisdiction over a particular matter is proper is a question of law; therefore, this Court must apply a de novo standard of review to this issue." *Winding v. State*, 908 So. 2d 163, 165 (¶8) (Miss. Ct. App. 2005) (citing *Sanderson Farms Inc. v. Gatlin*, 848 So. 2d 828, 841 (¶38) (Miss. 2003)).

## DISCUSSION

¶13. The Defendants argue that the circuit court lacked jurisdiction because Fillingame failed to exhaust his administrative remedies. Fillingame argues that the Defendants waived the argument for lack of jurisdiction because it has been raised for the first time on appeal. However, lack of jurisdiction may be raised for the first time on appeal. *Williams v. Michael*, 319 So. 2d 226, 227 (Miss. 1975). It is well settled that "[a] complainant must exhaust the administrative remedies available to him before resorting to the courts for resolution of his dispute." *State v. Beebe*, 687 So. 2d 702, 704 (Miss. 1996).

5

¶14.    In *Fillingame I*, we determined that "Fillingame's real grievance ha[d] to do with the certificate the Academy issued him at the end of his training." *Fillingame I*, 187 So. 3d at 156 (¶2).  Furthermore, "the [circuit] court's order directing the Academy to re-enroll him did not mandate the type of certificate he would receive.  *Id*.  Rather, this was a later-made administrative decision by the Academy, for which Fillingame could not seek circuit court review by simply filing for contempt." *Id*.  For this reason, we held:

> [T]he type of certificate Fillingame should have received upon completion of his training was not a matter of contract law that could be resolved by going back to the 2009 breach-of-contract action.  It was instead an administrative decision, which the Legislature expressly conferred upon the Academy.  Miss. Code Ann. § 45-11-7(6) (Rev. 2011) (requiring the Academy to "present an appropriate certificate signifying the successful completion of its prescribed courses").
>
> While agency decisions may be subject to judicial review, the procedural posture of this case is not an appeal of an agency's decision, filed after the exhaustion of administrative remedies.  Rather, Fillingame filed a motion for contempt, seeking to enforce a court order entered before the Academy even made the decision to certify Fillingame under the 2002 standards.
>
> We thus find any grievance Fillingame may have with his certificate is a separate administrative issue completely outside the circuit court's January 2011 order.  So Fillingame could not use his motion for contempt, based on that order, to prompt judicial review of the Academy's decision.  For this additional reason, we find the judge properly denied the motion for contempt.

*Id.* at 158-59 (¶¶16-18).

¶15.    Fillingame claims that he does not have any administrative remedies to exhaust.  We disagree.  Under Mississippi Code Annotated section 45-11-253 (Rev. 2015), the Mississippi Fire Personnel Board (MFPB) is tasked with promulgating the administrative rules and regulations for minimum standards and certifications for firefighter training.  Rule 1.14 of

6

the Rules and Regulations for Minimum Standards Certification outlines the appeals process relating to any certification issue:

> Appeals to any certification issue shall be made to the Board and submitted within one (1) year of the date of the original action. Such appeals may be initiated by an individual or through the executive fire officer of the local fire fighting unit. Once a written appeal has been filed, the individual may petition the Board in person at a regularly scheduled meeting of the MSCB. Upon hearing the basis of the appeal, the chair may forward the appeal to [the] appropriate committee for further investigation and a recommendation for action. The Board will communicate its final decision in writing within thirty (30) days following any action taken on the issue.

¶16.   In lieu of seeking administrative relief under Rule 1.14, Fillingame filed a contempt action in *Fillingame I*, which was denied and ultimately affirmed by this Court on appeal.

¶17.   Fillingame claims that his contempt action in *Fillingame I* differs from *Fillingame II*, because the contempt action in *Fillingame I* was based on the certificate he was issued, whereas here his claim is relative to being placed in an "obsolete NFPA (2002 [edition]) firefighter training course." Fillingame claims that the Defendants led him to believe that he was enrolled in the 2008 edition NFPA firefighter training and did not realize he was placed in the 2002 edition NFPA firefighter training until he completed his training in April 2011.

¶18.   Although Fillingame frames the issue as strictly dealing with what training program he completed, his grievance is ultimately based on his certificate being eligible for a seal of accreditation from IFSAC. Nonetheless, the Academy's decision to place him in the 2002 edition NFPA program was an administrative decision.

¶19.   "It is the intent of the Legislature to require and provide minimum standards for

7

training and to declare that the State Fire Academy is the principal facility for such purposes." Miss. Code Ann. § 45-11-201 (Rev. 2015). The Academy's decision to certify Fillingame under the 2002 edition was an administrative decision. Like we held in *Fillingame I*, Fillingame's dispute is based on an administrative decision for which he must exhaust his administrative remedies before resorting to the courts for relief.

## CONCLUSION

¶20. The circuit court correctly found that it lacked subject-matter jurisdiction. We find that the circuit court lacked jurisdiction because Fillingame failed to exhaust his administrative remedies before resorting to the circuit court for relief. We dismiss the case without prejudice so that Fillingame may proceed administratively, if he desires.

¶21. **THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.**