# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-01647-SCT

*ELIJAH ARRINGTON, III, D.M.D.*

*v.*

*MISSISSIPPI STATE BOARD OF DENTAL EXAMINERS*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/15/2017 |
| TRIAL JUDGE: | HON. J. DEWAYNE THOMAS |
| TRIAL COURT ATTORNEYS: | ROBERT DAVIS HOUSE |
| | STANLEY T. INGRAM |
| | JEFFREY MATTHEW GRAVES |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | TERRIS CATON HARRIS |
| | DENNIS C. SWEET, III |
| ATTORNEYS FOR APPELLEE: | STANLEY T. INGRAM |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ONETTA WHITLEY |
| | ROBERT DAVIS HOUSE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 03/21/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS AND KING, P.JJ., AND COLEMAN, J.**

**KING, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Elijah Arrington, III, appealed the Mississippi State Board of Dental Examiners'

decision to revoke his dental license.  He filed a notice of appeal with the Hinds County

Chancery Court thirty-one days after receiving notice of the Board's order, and he filed a cost

bond many days later.  The chancery court dismissed the appeal, finding that Arrington's

failure to file the cost bond within thirty days deprived it of appellate jurisdiction. Arrington appeals to this Court. We decline to address the cost-bond issue, and we find that the chancery court lacked appellate jurisdiction based on Arrington's failure to file his notice of appeal within thirty days.

## FACTS AND PROCEDURAL HISTORY

¶2. The Mississippi State Board of Dental Examiners (Board) held a disciplinary hearing on June 15, 16, and 17, 2017, to litigate four[1] complaints (involving seventeen violations) against Elijah Arrington, III, DMD. The Board ultimately revoked Arrington's dental license and his Limited Enteral Conscious Sedation Permit. The Board served Arrington and his counsel with its order on July 24, 2017.[2] Arrington filed a notice of appeal with the Hinds County Chancery Court on August 24, 2017. On August 29, 2017, the Board filed a motion to dismiss the appeal, alleging that Arrington failed to file a cost bond within thirty days. Arrington filed a response in opposition and also requested more time to deposit the bond. He then deposited the bond with the chancery court on August 31, 2017. The court held a

---

[1]The hearing was initially based on five complaints, but prior to the initiation of the hearing, the Board announced that it would not be pursuing one of the complaints.

[2]In his memorandum opposing the motion to dismiss, Arrington claimed that "counsel for [the Board] reached out to Appellant's counsel via telephone regarding the acceptance of service of the Order. During that conversation, it was made clear that Appellant's counsel would accept service of the Order on behalf of Dr. Arrington." The memorandum also alleged that counsel was not served until July 25, 2017. Yet, the person served at counsel's office signed the proof of service dated July 24, 2017, and the process server filed an affidavit stating that she personally served both Arrington and an employee of counsel on July 24, 2017. Also in his memorandum, Arrington acknowledged that the thirty day clock began on the date the order was received; the record indicates, and the trial court found, that counsel received the order on July 24, 2017, as an employee of counsel signed the proof of service as received on that day.

hearing on October 4, 2017, at which the Board argued that the notice of appeal was not filed within the thirty days required by statute, and that the cost bond was not timely filed. The trial court found that Arrington was served on July 24, 2017, that he filed his notice of appeal on August 24, 2017, and that he "did file his Notice of Appeal within thirty (30) days of notice of the action of the Board." However, the court found that the failure to file the cost bond within thirty days deprived the court of appellate jurisdiction, and, accordingly, it dismissed the appeal.

¶3.     Arrington appeals, arguing that the cost bond in the statute at issue is not jurisdictional, but procedural, and thus the failure to timely post bond is a deficiency that may be corrected.

### ANALYSIS

*1.     Standard of Review*

¶4.     "Jurisdiction and statutory interpretation are matters of law" that this Court reviews de novo. *5K Farms, Inc. v. Miss. Dep't of Revenue*, 94 So. 3d 221, 225 (Miss. 2012). Factual determinations made by the trial court are only reversed if the trial court abused its discretion, was manifestly wrong, was clearly erroneous, or applied an erroneous legal standard. *T. Jackson Lyons & Assocs., P.A. v. Precious T. Martin, Sr. & Assocs., PLLC*, 87 So. 3d 444, 447-48 (Miss. 2012).

*2.     Analysis*

¶5.     The statute providing for appeals from Board determinations states in pertinent part that

The appeal must be taken within thirty (30) days after notice of the action of the board. The appeal is perfected upon filing a notice of appeal, together with a bond in the sum of One Hundred Dollars ($100.00), with two (2) sureties, conditioned that if the action of the board regarding the license is affirmed by the chancery court the dentist or dental hygienist will pay the costs of the appeal and the action in the chancery court. . . . In lieu of the bond, the dentist or dental hygienist may deposit One Hundred Dollars ($100.00) with the clerk of the chancery court.

Miss. Code Ann. § 73-9-65 (Rev. 2012).

¶6. The parties disagree whether posting bond within thirty days is a jurisdictional or procedural requirement under Section 73-9-65. But regardless of the answer to that question, it is clear is that, in the least, the notice of appeal must be filed within thirty days of notice of a Board decision. The trial court found, and the record supports, that Arrington was served with the Board's order on July 24, 2017, and filed his notice of appeal on August 24, 2017. August 24, 2017, is thirty-one days after July 24, 2017. And August 23, 2017, was a Wednesday and was not a holiday. However, the trial court found that the notice of appeal was filed within thirty days of notice of the Board's action. It is impossible for all three of those findings to be true. This Court may, on its own motion, consider a jurisdictional issue even when not raised by the parties. *Miss. Mun. Liab. Plan v. Jordan*, 863 So. 2d 934, 941 (Miss. 2003).

¶7. No right to appeal an administrative agency's decision exists unless the Legislature expressly confers such a right. *5K Farms*, 94 So. 3d at 227. Additionally, the Mississippi Constitution does not grant chancery courts original jurisdiction over appeals; thus, the chancery court is without appellate jurisdiction absent statutory authority. *Khurana v. Miss. Dep't of Revenue*, 85 So. 3d 851, 855 (Miss. 2012). Consequently, a chancery court lacks

4

appellate jurisdiction over an appeal "that is not in full compliance with the statutory requirements." *Id.* Regardless of whether the bond in this case is procedural or jurisdictional, what is clear is that the appeal must be taken within thirty days. The only way under the statute to "take" an appeal is by, at the least, filing a notice of appeal. And Arrington admits that the notice of appeal must be filed within thirty days. Thus, to vest the chancery court with appellate jurisdiction, the notice of appeal must be filed within thirty days. In this case, it was not. The chancery court's finding that the notice of appeal was filed within thirty days of the notice of the Board's action was manifestly wrong and clearly erroneous, and that finding conflicted with the court's other findings that Arrington was served on July 24, 2017, and filed his notice of appeal on August 24, 2017. The chancery court lacked jurisdiction because the notice of appeal was not timely filed. We therefore decline to address the issue of whether the Section 73-9-65 cost bond being posted within thirty days is a jurisdictional or procedural requirement.

## CONCLUSION

¶8. We affirm the chancery court's order dismissing Arrington's appeal for lack of jurisdiction, albeit for a different reason. The chancery court's finding that the notice of appeal was timely filed was manifest error. Because the notice of appeal was not timely filed, the chancery court did not have jurisdiction over the appeal. We express no opinion on the nature of the cost bond, and we affirm the chancery court's order in result only.

¶9. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR**.