# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-SA-01657-COA

**JOE RUCKER**                                                              **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF REVENUE**                                       **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/06/2017 |
| TRIAL JUDGE: | HON. JACQUELINE ESTES MASK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | GWENDOLYN BAPTIST-RUCKER |
| | DEREK D. HOPSON |
| ATTORNEYS FOR APPELLEE: | MORTON WARD SMITH |
| | ALEXIS L. FARMER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 03/26/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., WESTBROOKS AND LAWRENCE, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.    Joseph Rucker is appealing an order from the Lee County Chancery Court granting the Mississippi Department of Revenue's (MDOR) motion to dismiss. Rucker claims that the chancery court erred by granting MDOR's motion and dismissing his claim. After review of the record, we affirm.

## FACTS

¶2.    In September 2010, Rucker purchased a building located at 2702 North Gloster Street, Tupelo, Mississippi, with the intentions of starting a restaurant, Papa Joe's. But, due to a family emergency, the restaurant never opened, and throughout the years Rucker leased the

property to other restaurateurs. In March 2014, Rucker received an audit-closing notice from MDOR. Rucker checked the option stating, "I am in disagreement with the audit findings. I will likely execute my rights to appeal," and after signing and dating the form on "April 25, 2014," he returned the closing notice to MDOR. In early June 2014, Rucker was sent a letter stating that the audit was closing and he would be receiving a formal audit assessment in the mail. Days later, MDOC mailed Rucker's audit assessment dated June 5, 2014; however, Rucker disputes that he ever received that assessment.[1]

¶3.     A year later, in June 2015, Rucker made a written appeal to the Board of Review. On June 15, 2015, the chairperson of the Board, Stephanie Rogers, denied his appeal for being untimely. The denial letter stated that Rucker was required to request a hearing by August 4, 2014, and his request was not received until June 12, 2015. Aggrieved, Rucker filed a petition for review in the Lee County Chancery Court. In response, MDOR filed a motion to dismiss, arguing that Rucker did not properly exhaust the administrative appeal process and that therefore the chancery court did not have the jurisdiction to properly hear his claim.

¶4.     After a hearing on the motion to dismiss, the chancery court agreed with MDOR and dismissed Rucker's petition under Mississippi Rule of Civil Procedure 12(b)(6). Still aggrieved, Rucker appealed the chancery court's order to this Court.

¶5.     On appeal, Rucker argues that the chancery court erred by (1) not converting the motion to dismiss to a motion for summary judgment and (2) granting the motion to dismiss because MDOR failed to prove Rucker received notice of his appellate rights. In response,

---

[1] The record does not support Rucker's assertion. Additionally, Rucker did not testify or provide any sworn affidavit supporting his assertion.

2

MDOR argues that (1) the central issue is whether the chancery court had appellate jurisdiction to hear Rucker's claims and (2) whether Rucker's failure to exhaust his administrative remedies barred his appeal in chancery court. This opinion is limited to the jurisdictional issue as we find it is dispositive of Rucker's claims.

## STANDARD OF REVIEW

¶6.     "In reviewing appeals taken from chancery court rulings, we apply a limited standard of review in that the factual findings of the chancery court, if supported by substantial evidence, will not be disturbed unless the chancery court abused its discretion, applied an erroneous legal standard, or its findings are manifestly wrong or clearly erroneous." *In re Estate of Smith v. Boolos*, 204 So. 3d 291, 305 (¶22) (Miss. 2016). "However, questions of law receive a de novo review." *Id.*

## DISCUSSION

¶7.     In response to Rucker's petition for review, MDOR filed a motion to dismiss, stating that the chancery court lacked the proper jurisdiction to hear Rucker's claim because he failed to exhaust his administrative remedies. The chancery court agreed with MDOR, as do we.

¶8.     "When considering a motion to dismiss, this Court's standard of review is de novo." *Scaggs v. GPCH-GP Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006). "When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Id.*

3

¶9.     If a Mississippi taxpayer takes issue with an assessment from the MDOR, they have a statutory right to administrative review and a clear process to follow to receive it. Here, Rucker did not follow the correct administrative procedure for his claims to be properly heard in the chancery court according to Mississippi Code Annotated sections 27-77-5 and 27-77-7:

> (1)     First, within sixty days of receiving the assessment, the taxpayer must appeal to the Board of Review in writing requesting a hearing, specifying the relief request. *See* Miss. Code Ann. § 27-77-5(1).

> (2)     Once the written appeal is received, a hearing before the Board of Review will be scheduled unless the written appeal is deemed sufficient to address the merits of the issues raised. *See* Miss. Code Ann. § 27-77-5(2).

> (3)     If unsatisfied with the Board of Review's decision, the taxpayer may appeal the order to the Board of Tax Appeals within sixty days. *See* Miss. Code Ann. § 27-77-5(4). The appeal must be in writing and shall request a hearing as well as reversal or modification of the Board of Review's order with specificity. *Id.*

> (4)     Lastly, after the Board of Tax Appeals holds a hearing on all factual and legal issues raised by the taxpayer and addresses the substantive or procedural propriety of the actions being appealed, the taxpayer may appeal to the chancery court if still aggrieved with the administrative decision. *See* Miss. Code Ann. § 27-77-7(1).

¶10.    In the present case, Rucker did not engage with any of these channels of review. Rucker argues that he did not have notice of his appellate rights; however, the record does not support that claim. Rucker received an Audit Closing Notice sent on March 25, 2014, that he signed it and mailed it back to MDOR. Additionally, in June 2014, Rucker's tax auditor mailed him a letter conveying that the audit was finished and he would receive an assessment with information regarding payments and appeal rights. Days later, on June 5,

4

2014, Rucker was mailed a formal "Audit Assessment" that included notice of his rights to appeal the assessment within sixty days and also instructions on how to proceed.

¶11. The next communication MDOR received from Rucker was his request for a hearing on June 12, 2015 – well after the sixty day requirement. MDOR denied Rucker's request for a hearing, stating it was not timely made. Rucker petitioned to the chancery court in March 2017 for review.

¶12. This Court has held that "[i]t is well settled that a complainant must exhaust the administrative remedies available to him before resorting to the courts for resolution of his dispute." *Fillingame v. Miss. State Fire Academy*, 217 So. 3d 686, 688 (¶13) (Miss. Ct. App. 2016) (internal quotation mark omitted). Here, the proper remedy for Rucker would have been to appeal to the Board of Review and then to the Board of Tax Appeals. The chancery court's order properly stated that it could not hear his petition because Rucker's claims are a mixture of "substantive and procedural allegations against MDOR" and that it can only hear claims properly on appeal from a Board of Tax Appeals order. After review of the record, we find that the chancery court correctly found that it lacked subject-matter jurisdiction and properly granted MDOR's motion to dismiss.

¶13. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. TINDELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

5